## No. 598
## ADVASCO et al v. SCALI et al
Ohio Appeals, 7th Dist., Jefferson County
Decided March 21, 1924

755. MECHANIC'S LIEN—Mechanic's lien dates back to time work was begun.

1230. VENDOR'S LIEN—A vendor's lien does not exist where vendor receives payment at time title is conveyed.

1195—TRIALS—Jury trial held waived under facts of case.

FARR, J.                    Epitomized Opinion
       Published Only in Ohio Law Abstract

This was an action for the recovery of $7,680.78 and the foreclosure of a mechanic's lien on certain property in the Village of Struthers. On Oct. 31, 1920, the Struthers Co. entered into a contract with Scali for the sale of two lots on Bridge Street in Struthers. Later on title was taken by the Ohio Grocery Company, of which Scali was president. For the accommodation of the Grocery Co. permission was given by the Struthers Co. to make some changes or alterations in the building later to be occupied by the Grocery Co.

On November 4, 1920, Advasco, under contract with the Grocery Co., began work on the building. Work was continued until March 28, 1921. An affidavit to perfect a mechanic's lien was filed May 27, 1921. The consideration originally agreed to be paid for the property was $45,000, of which the Home Savings & Loan Co. was to furnish $20,000 for the cash payment, $5,000 was to be paid in six months and $20,000 was to be paid in stock of the Ohio Grocery Co. The deed of the Struthers Co. to Scali was not delivered until Jan. 7, 1921, and on the same day Scali and wife delivered the note and mortgage to the Loan Co. for $20,000, and conveyed title to the Grocery Co.

The Loan Co. claimed that by virtue of the doctrine of subrogation it was entitled to the rights of the Struthers Co. The lien holders claimed that they were entitled to a prior lien because the services were rendered before the mortgage had been made. A judgmnt and order of sale was issued by the Common Pleas, whereupon an appeal was perfected to the Court of Appeals. In decreeing for the plaintiffs, the Court of Appeals held:

1. The lien of Advasco and his partner dates back to Nov. 4, 1920, the date that they began their work on the building.

2. As the vendor received the consideration for the property at the time of the delivery of the deed, there was no vendor's lien to which the Loan Company could be subrogated.

3. As the right of trial by jury may be waived in open court by conduct of a party amounting to an estoppel, the failure of a party to ask for a jury, where a personal judgment is requested by the opposite party, amounts to a waiver and no prejudicial error was committed in this respect.

Mechanic's lien holder held entitled to first lien; Loan Co. to second, and Modarelli the third lien.

Attorneys—T. E. Antonelli and S. B. Mitchell, for Advasco et al; Russell McKay and J. M. Modarelli, for Scali et al; all of Youngstown.

---

## No. 599
## WOLPA v. HAMBLY
Ohio Appeals, 1st Dist., Hamilton County
No. 2196.  Decided July 9, 1923

801. MUNICIPAL LAW—(1)Failure to pay occupational tax under Cincinnati ordinance held not to render contract void.

2. Tax held to be excise tax and not a license.

BUCHWALTER, J.            Epitomized Opinion
       Published Only in Ohio Law Abstract

Hambly brought an action in the Cincinnati Municipal Court to recover the value of his services as an architect. The defendants maintained that as plaintiff had not paid his occupational tax at the time the contract was entered into they were not liable. The Municipal Court held that because of the failure to comply with the occupational tax ordinance, Hambly was disqualified to make a contract for his services as an architect in Cincinnati, and directed a verdict for the defendant. The contract was made in Cincinnati, but Hambly lived in Norwood and performed most of his architectural work in that city. The Common Pleas reversed the judgment, whereupon error was prosecuted to the Court of Appeals. In sustaining the judgment of the Common Pleas, the Court of Appeals held:

1. The occupational tax ordinance of Cincinnati does not provide that any contract made by a person who fails to pay the tax is void, nor does it specifically prohibit the doing of business until the tax is paid.

2. The occupational tax ordinance of Cincinnati provided for a valid excise tax for revenue only, and was not a license, and the failure to pay it did not invalidate a contract for services.

Attorneys—Frederick Closs, for Wolpa; F. B. McConaughy, for Hambly; both of Cincinnati.